**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | : | |
|---|---|---|
| Michael Clark, | : | Case No. 4:21-cv-00223-SDJ-KPJ |
| | : | Judge Jordan |
| Plaintiff, | : | Magistrate Judge Priest Johnson |
| | : | |
| v. | : | |
| | : | |
| Big Think Capital, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MOTION OF DEFENDANT BIG THINK CAPITAL, INC.
<u>TO DISMISS THE COMPLAINT</u>**

**I.     INTRODUCTION**

On March 22, 2021, Plaintiff Michael Clark ("Mr. Clark") filed the Complaint (Doc. 1), alleging that Defendant Big Think Capital, Inc. ("Big Think") violated the Telephone Consumer Protection Act ("TCPA") and the Texas Business & Commerce Code when making certain telephone calls to Mr. Clark's cell phone. The Complaint fails as a matter of law and should be dismissed.

Count I alleges that Big Think violated the TCPA, 47 U.S.C. § 227(b) by calling Mr. Clark's cell phone using an automated telephone dialing system ("ATDS") without consent. The Complaint fails to allege facts suggesting that an ATDS was used to call Mr. Cunningham.

Count II alleges that Big Think violated the TCPA, 47 U.S.C. § 227(c) by calling Mr. Clark's cell phone number at a time when it was registered on the national do not call registry ("DNC Registry"). 47 U.S.C. § 227(c) does not apply to calls to cell phones.

Court III alleges that Big Think violated § 302.101 of the Texas Business & Commerce Code by engaging in telephone solicitations without obtaining a registration certificate from the

Texas Secretary of State. To assert a private right of action for a violation of § 302.101, the Complaint must assert a claim for deceptive trade practices. Because the Complaint does not allege that Mr. Clark relied on any statement made by Big Think to his detriment, Count III fails to state a claim.

Even assuming every fact of the Complaint is true, the Complaint should be dismissed.

## II.   FACTS

The following facts are taken from the Complaint and are assumed to be true for purposes of this Motion only.

Big Think repeatedly called Mr. Clark on his cell phone "for solicitation purposes" when Mr. Clark "did not request information from [Big Think] and was not seeking business funding" and while Mr. Clark's cell phone was registered on the DNC Registry. Complaint, ¶¶ 12-13, 15.[1] The system used by Big Think places the calls "without being prompted by human intervention before each call" and "has the present and/or future capacity to dial numbers in a random or sequential fashion." *Id.* at ¶¶ 24-25.

"Shortly after the calls began, [Mr. Clark] declined [Big Think]'s services and demanded [Big Think] stop contacting him." *Id.* at ¶ 16. The Complaint acknowledges that Big Think is a New York corporation, but complains that Big Think was not registered with the Texas Office of the Secretary of State when it engaged Mr. Clark with telephone solicitations. *Id.* at ¶¶ 7, 41.

The Complaint relies on these facts to allege, in relevant part, that Big Think violated 47 U.S.C. § 227(c) and § 302.101 of the Texas Business & Commerce Code.

---

[1] The Complaint does not allege the dates on which the calls were allegedly received, but this Court has held that the TCPA was unconstitutional from 1991 to 2020. *Cunningham v. Matrix Fin. Servs.*, No. 4:19-cv-896, 2021 U.S. Dist. LEXIS 62875, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021) (Mazzant, J.).

### III. LAW AND ARGUMENT

#### a. Standard of review.

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a claim that fails to state a claim upon which relief can be granted. *Tassio v. OneMain Fin., Inc.*, No. 4:15-CV-00484, 2016 U.S. Dist. LEXIS 175147 (E.D. Tex. Oct. 28, 2016). When deciding a motion to dismiss, the Court is required to "accept as true all well-pleaded facts contained in plaintiff's complaint and view them in the light most favorable to the plaintiff." *Cunningham v. Britereal Mgmt.*, No. 4:20-cv-144-SDJ-KPJ, 2020 U.S. Dist. LEXIS 236135, *4, 2020 WL 7391693 (E.D. Tex. Nov. 20, 2020) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). The Court is not, however, required to "'accept as true a legal conclusion couched as a factual allegation.'" *Cunningham*, 2020 U.S. Dist. LEXIS 236135, *5 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Tassio*, 2016 U.S. Dist. LEXIS 175147, *4 (internal quotations omitted) (quoting *Ashcroft*, 129 S. Ct. at 1949). "For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Tassio*, 2016 U.S. Dist. LEXIS 175147, *4-5 (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

Applying this standard to the allegations of the Complaint demonstrates that the Complaint fails as a matter of law and should be dismissed.

#### b. Count I, for a violation of 47 U.S.C. § 227(b), fails as a matter of law.

Count I of the Complaint alleges that Big Think violated 47 U.S.C. § 227(B) by calling Mr. Clark's cell phone using an ATDS when Big Think did not have consent. Complaint, ¶¶ 20-

31. Because the Complaint does not allege facts to support the legal conclusion that an ATDS was used, Count I should be dismissed.

47 U.S.C. § 227(b) makes it unlawful for any person to make any call using an ATDS without consent. An ATDS is equipment with the capacity "to store and produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

After the Complaint was filed, the Supreme Court clarified what constitutes an ATDS. In *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 209 L. Ed. 2d 272, 2021 U.S. Dist. LEXIS 1742, the Court held that to qualify as an ATDS, the system must have the capacity to store numbers using a random or sequential number generator and the capacity to produce numbers using a random or sequential number generator. *Facebook*, 141 S. Ct. at 1165 (holding that the phrase "using a random or sequential number generator" modifies both the verb "to store" and the verb "to produce," and rejecting the contention that an ATDS would encompass any equipment that stores and dials phone numbers).

Here, the Complaint alleges only that Big Think called the phone number repeatedly and that the number was called without human intervention. Compl., ¶¶ 12, 24.  Those factual allegations are not sufficient to suggest that an ATDS was used under the Supreme Court's recent holding in *Facebook*.

The Complaint also alleges that the system at issue was an ATDS and "has the present and/or future capacity to dial numbers in a random or sequential fashion." Compl., ¶¶ 23 and 25. Absent facts to support these legal conclusions, they cannot be used to avoid dismissal. *Cunningham*, 2020 U.S. Dist. LEXIS 236135, *5 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Because the Complaint is devoid of facts suggesting that Big Think called the phone number using an ATDS, Count I should be dismissed.

### c. Count II, for violation of 47 U.S.C. § 227(c), fails as a matter of law.

Count II of the Complaint alleges that Big Think violated 47 U.S.C. § 227(c) by calling Mr. Clark's cell phone while it was registered on the DNC Registry. Complaint, ¶¶ 33-38. Because 47 U.S.C. § 227(c) does not apply to calls to cell phones, this claim should be dismissed.

The relevant portions of the TCPA prohibit telephone solicitations to "[a] residential telephone subscriber who has registered his or her telephone number on the" DNC Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). "Section 227(c) creates a private right of action for 'a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity; in violation of the prescribed regulations." *Cunningham*, 2020 U.S. Dist. LEXIS 236135, *15 (quoting 47 U.S.C. § 227(c)(5)). "

As this Court has recognized, "[t]aking Section 227(c)(5) and Section 61.1200(d) together, the private right of action created by TCPA Section 227(c)(5) is 'limited to redress for violations of the regulations that concern residential telephone subscribers'—not cell phones. *Cunningham*, 2020 U.S. Dist. LEXIS 236135, *16 (quoting *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2020 U.S. Dist. LEXIS 102545, 2019 WL 2519702 (E.D. Tex. April 26, 2019)). *See also Cunningham v. Sunshine Consulting Group, LLC*, No. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, 2018 WL 3496538, *6 (M.D. Tenn. July 20, 2018); *Cunningham v. Rapid Capital Funding, LLC*, No. 3:16-02629, 2017 U.S. Dist. LEXIS 136951, 2017 WL 3574451, *3 (M.D. Tenn. July 27, 2017); *Cunningham v Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 U.S. Dist. LEXIS 118797, 2017 WL 3222559, *7 (M.D. Tenn. July 7, 2017); *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847; 2017 U.S. Dist. LEXIS 97486, 2017 WL 2719992, *5-6 (M.D. Tenn. June 23, 2017). *See*

5

*also Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F. Supp. 3d 1187, 1195-96 (M.D. Tenn. 2017).

Here, the Complaint alleges that that Big Think violated the TCPA by placing calls to Mr. Clark's cell phone while it was on the DNC Registry. Because 47 U.S.C. § 227(c) does not encompass calls to cell phones, Count II should be dismissed.

### d. Count III, for violation of §302.101 of the Texas Business & Commerce Code, fails as a matter of law.

Count III of the Complaint alleges that Big Think violated § 302.101 of the Texas Business & Commerce Code by engaging in telephone solicitations without obtaining a registration certificate from the Texas Secretary of State. Complaint, ¶¶ 40-41. The Complaint relies on § 302.302 ("Civil Penalties") to claim Mr. Clark is entitled to up to $5,000 for each violation along with all reasonable costs of prosecuting the action.

The civil penalties in § 302.302 are not available to private litigants, and the Complaint does not allege facts sufficient for a deceptive trade practices claim (the only private right of action available to Mr. Clark for a violation of Chapter 302); accordingly, Count III should also be dismissed.

In Texas, "[i]t is well established…that a statute which imposes a penalty must be strictly construed, and that a person who seeks to recover a penalty thereunder must bring himself clearly within the terms of the statute." *Agey v. American Liberty Pipe Line Co.*, 172 S.W.2d 972, 974, 141 Tex. 379 (Tex. Sup. Ct. 1943). In *Agey*, the Court considered a statute that provided that half of a civil penalty was recoverable in the name of the state and the other half was recoverable in the name of the aggrieved party. The Court held that "[i]f the Legislature had intended by this Act to authorize an individual to file suit on behalf of himself and on behalf of the State, without the

6

joinder of the Attorney General or some district or county attorney, it could have expressed such intention in clear language." *Id.*

In *Brown v. De La Cruz*, 156 S.W.3d 560, 48 Tex. Sup. J. 164 (2004), the Supreme Court of Texas explained that "[g]enerally, a statutory penalty or fine is not payable to a private litigant." and the Court thus considered a statute that "expressly provides for a penalty, but is silent about who may collect it." *Id.* at 564. The Court summarized its holding in *Agey*, reiterated that civil penalties may "be asserted in a private cause of action only if the statute clearly so provides," and held that because the Legislature did not clearly authorize private litigants to recover the civil penalty, the plaintiff was unable to assert a private cause of action.

Here, Count III alleges that Big Think violated § 302.101 of the Texas Business & Commerce Code and seeks to recover the civil penalty set forth in § 302.302. Chapter 302 pertains to the Regulation of Telephone Solicitations. With regard to enforcement, § 302.302, entitled "Civil Penalties, states that "[a] person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation." The statute does not state to whom the penalty is payable. Because the statute does not clearly state that the penalty is recoverable by private litigants, Count III fails as a matter of law and should be dismissed. *Agey*, 172 S.W.2d at 974; *Brown*, 156 S.W.3d at 564.

This conclusion is supported by well-settled cannons of statutory construction, does not leave private litigants without recourse, and is consistent with the purpose of Chapter 302. Under the canon of *expressio unius est exclusio alterius*, "the expression of some connotes the exclusion of others." *Teltech Sys. v. Bryant*, 702 F.3d 232, 238 (5th Cir. 2012).

Immediately following the "Civil Penalties" provision is § 302.303, which is entitled "Deceptive Trade Practices." This statute states that "[a] violation of this chapter is a false,

misleading, or deceptive act or practice under Subchapter E, Chapter 17," and that "[a] public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce this chapter." Tex. Bus. & Com. Code § 302.302. The inclusion of a private right of action in § 302.303 connotes the exclusion of such a private right of action in § 302.302.

Chapter 17, Subchapter E applies to "Deceptive Trade Practices and Consumer Protection," and provides consumers with a private cause of action based on a "false, misleading, or deceptive act or practice" that is "relied on by a consumer to the consumer's detriment." Tex. Bus. & Com. Code § 17.50. Put simply, a private litigant that relies to his detriment on an action that constitutes a violation of Chapter 302 may have a private right of action under Chapter 17, Subchapter E, a conclusion that is consistent with Chapter 302's stated purpose of protecting "persons against false, misleading, or deceptive practices in the telephone solicitation business." Tex. Bus. & Com. Code § 302.003.

Here, the Complaint does not allege that Mr. Clark relied on statements made by Big Think at all, let alone that Mr. Clark relied on those statements to his detriment. Indeed, the Complaint alleges no actual harm stemming from the alleged violation of Chapter 302. This omission is logical—it is inconceivable that Mr. Clark was harmed by the fact that Big Think was not registered with the Texas Secretary of State.

Because the only mechanism pursuant to which Mr. Clark could enforce Chapter 302 is a claim for deceptive trade practices, and because the Complaint is devoid of facts that would give rise to such a claim, Count III of the Complaint fails as a matter of law and should be dismissed.

**IV.    CONCLUSION**

Count I should be dismissed because the Complaint is devoid of facts (as opposed to legal conclusions) suggesting that Big Think used an ATDS to call Mr. Clark's cell phone. This Court

has held that 47 U.S.C. § 227(c), on which Count II of the Complaint is based, does not apply to calls to cell phones. Finally, Count III of the Complaint should be dismissed because the civil penalties in Chapter 302 of the Texas Business & Commerce Code are not available to private litigants and because the Complaint is devoid of facts that could be used to support a claim for deceptive trade practices. The Complaint fails as a matter of law and should be dismissed.

          Respectfully submitted,

          Respectfully submitted,

          By: /s/Johnny Taylor
          Johnny Taylor
          Bar No. 24043953
          Johnny Taylor Law PLLC
          22503 Katy Freeway
          Katy, Texas 77450
          281-910-4703 phone
          281-769-8688 fax
          johnny@johnnytaylorlaw.com

          ATTORNEY FOR DEFENDANT,
          BIG THINK CAPITAL, INC.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was, on May 21, 2021, served upon all parties of record, via first class mail and/or via CM/ECF, as follows:

Amy Lynn Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 E. Butler Ave.
Ambler, PA 19002
teamkimmel@creditlaw.com

          /s/Johnny Taylor
          Johnny Taylor