**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| Michael Clark, | : | Case No. 4:21-cv-00223-SDJ-KPJ |
| | : | Judge Jordan |
| Plaintiff, | : | Magistrate Judge Priest Johnson |
| | : | |
| v. | : | |
| | : | |
| Big Think Capital, Inc., | : | |
| | : | |
| Defendant. | : | |

**MOTION OF DEFENDANT BIG THINK CAPITAL, INC. TO DISMISS OR FOR A MORE DEFINITE STATEMENT OF COUNT I, AND TO DISMISS COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT**

**I.    INTRODUCTION**

On March 22, 2021, Plaintiff Michael Clark ("Mr. Clark") filed the Complaint (Doc. 1) alleging that Defendant Big Think Capital, Inc. ("Big Think") violated the Telephone Consumer Protection Act ("TCPA") and the Tex. Bus. & Com. Code when making certain telephone calls to Mr. Clark's cell phone. On May 21, 2021, Big Think filed its first Motion to Dismiss (the "First Motion to Dismiss," Doc. 6) and the First Amended Complaint (Doc. 8) (the "Amended Complaint") was filed on June 4, 2021.

Despite the opportunity to cure the defects in the original Complaint, the Amended Complaint fails to state a claim upon which relief can be granted. Count I alleges that Big Think violated the TCPA, 47 U.S.C. § 227(b), by calling Mr. Clark's cell phone using an automated telephone dialing system ("ADTS") without consent. Amended Complaint, ¶¶ 14-15, 17. As to Count I, Mr. Clark fails to allege a "time and place" when he received the alleged telephone calls and this Court should dismiss Count I or, in the alternative, order Mr. Clark to file a more definite statement. With no allegations as to when the calls were made, Big Think cannot determine

whether some or all of the calls were placed during the several year period when the TCPA was unconstitutional.

Count II alleges that Big Think violated the TCPA, 47 U.S.C. § 227(c), by calling Mr. Clark's cell phone number, which he uses for residential purposes, at a time when it was registered on the national do not call registry ("DNC Registry"). As courts have repeatedly found, 47 U.S.C. § 227(c) does not apply to calls to cell phones regardless of whether they are used for residential purposes.

Count III alleges that Big Think violated § 302.101 of the Tex. Bus. & Com. Code by engaging in telephone solicitations without obtaining a registration certificate from the Texas Office of the Secretary of State. To assert a private right of action for a violation of § 302.101, the Amended Complaint must assert a claim for deceptive trade practices. Because the Amended Complaint does not allege that Mr. Clark relied on any statement made by Big Think to his detriment, let alone any statement related to the allegedly required registration certificate, Count III fails to state a claim.

Even assuming every fact of the Amended Complaint is true, the Amended Complaint should be dismissed.

**II.     FACTS**

The following facts are taken from the Amended Complaint and are assumed to be true for purposes of this Motion only.

Mr. Clark uses his cell phone for "residential purposes." Amended Complaint, ¶ 13. Big Think repeatedly called Mr. Clark on his cell phone "regarding business funding" when Mr. Clark "did not request information from [Big Think] regarding business funding" and when Mr. Clark's

cell phone was registered on the DNC Registry. *Id.* at ¶ 14-15; p. 5, ¶ 34.[1] "Upon information and belief," Big Think used a "dialing system which had the capacity to store or call phone numbers using a random or sequential number generator." *Id.* at ¶ 17.

"Upon information and belief," Big Think used a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially, and the dialing system then calls phone numbers stored in those databases. *Id.* at ¶¶ 19-20. Mr. Clark believes that Big Think called him with an ADTS because the calls "began with a noticeable pause or delay prior to a live representative of [Big Think] coming on the line." *Id.* at p. 3, ¶ 26.

The Amended Complaint relies on these facts to allege, in relevant part, that Big Think violated 47 U.S.C. § 227(b) and (c) and § 302.101 of the Tex. Bus. & Com. Code.

## III. LAW AND ARGUMENT

### A. Standard of review.

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a claim that fails to state a claim upon which relief can be granted. *Tassio v. OneMain Fin., Inc.*, No. 4:15-CV-00484, 2016 U.S. Dist. LEXIS 175147, at *3-4, 2016 WL 7799626 (E.D. Tex. Oct. 28, 2016). When deciding a motion to dismiss, the Court is required to "accept as true all well-pleaded facts contained in plaintiff's complaint and view them in the light most favorable to the plaintiff." *Cunningham v. Britereal Mgmt.*, No. 4:20-cv-144-SDJ-KPJ, 2020 U.S. Dist. LEXIS 236135, at *4, 2020 WL 7391693 (E.D. Tex. Nov. 20, 2020) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). The Court is not, however, required to "'accept as true a legal conclusion couched as a factual

---

[1] Where necessary, some references to the Amended Complaint include both the page and paragraph numbers, since the Amended Complaint contains multiple paragraphs with the same numbering. *See* Amended Complaint, pp 3-5.

allegation.'" *Cunningham*, 2020 U.S. Dist. LEXIS 236135, *5 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Tassio*, 2016 U.S. Dist. LEXIS 175147, at *4 (internal quotations omitted) (quoting *Ashcroft*, 129 S. Ct. at 1949). "For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Tassio*, 2016 U.S. Dist. LEXIS 175147, at *4-5 (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

Applying this standard to the allegations of the Amended Complaint demonstrates that the Amended Complaint fails as a matter of law and should be dismissed.

### B. Count I, for a violation of 47 U.S.C. § 227(b), fails as a matter of law or, in the alternative, is so vague that Big Think cannot reasonably prepare a response.

Count I of the Amended Complaint alleges that, at some unspecified time, Big Think violated 47 U.S.C. § 227(b) by calling Mr. Clark's cell phone using an ATDS when Big Think did not have consent. Amended Complaint, p. 4-5.

#### i. Count I should be dismissed because it fails to allege the time and place when the calls occurred.

Fed. R. Civ. P. 9(f) provides that an allegation of "time or place" is material when testing the sufficiency of a pleading. Courts have granted motions to dismiss where a complaint fails to specify the "time and place" that the facts in the complaint occurred. *See Hall v. Lanier*, 708 F. Supp. 2d 28, 29 (D.D.C. 2010) (granting partial motion to dismiss where "the allegations fail to comport with Federal Rule of Civil Procedure 9(f) concerning time and place of the alleged misdeeds"); *Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1139 (E.D. Wash. 2012) (finding

4

allegations of defamation insufficient to state a claim, noting that "Rule 9(f) considers time and place to be material when testing the sufficiency of a pleading.").

This Court should dismiss Count I of the Amended Complaint entirely. Mr. Clark's Amended Complaint altogether fails to allege when any one of the "repeated" calls occurred. Amended Complaint, ¶ 14. The Amended Complaint merely avers that Mr. Clark's telephone number has been on the DNC registry since June 5, 2009. *Id.*, ¶ 16. Such allegations are not sufficient to withstand a motion to dismiss, especially when, as here, this District's jurisprudence has previously held that the TCPA was unconstitutional from 2015 to July 2020. *See Hall*, 708 F. Supp. 2d at 29; *Armijo*, 868 F. Supp. 2d at 1139; *Cunningham v. Matrix Fin. Servs.*, No. 4:19-cv-896, 2021 U.S. Dist. LEXIS 62875, at *6 (E.D. Tex. Mar. 31, 2021) (Mazzant, J.) (citing *Barr v. American Association of Political Consultants, Inc. (AAPC)*, 140 S. Ct. 2335 (2020)). Accordingly, Count I of the Amended Complaint should be dismissed with prejudice.

### ii. Without a more definite statement, Big Think cannot determine whether the calls occurred while the TCPA was unconstitutional.

In the alternative, this Court should order Mr. Clark to provide a more definite statement specifying when the calls occurred. Fed. R. Civ. P. 12(e) allows a party to request a more definite statement where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint is so vague and ambiguous that it would seriously prejudice the defendant by attempting to answer it. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (collecting cases). "The United States Supreme Court has held that, '[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice,' then a Rule 12(e) motion may be appropriate." *Hudson v. SEISCO Int'l, Ltd.*, No. 25-836, 2016 U.S. Dist.

LEXIS 50268, at *3 (E.D. La. Apr. 14, 2016) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

Courts grant motions for a more definite statement when claims fail to specify the time and place when conduct occurred. *See Meyer v. United Airlines, Inc.*, 624 F. Supp. 2d 923, 932 (N.D. Ill. 2008). This is because "[t]he reason for 'averments of time and place' is to make ascertainable whether a cause of action is barred," typically in the context of the statute of limitations. *Id.* Tellingly, "[w]hen a plaintiff's allegations span several years, some of which fall outside of the statute of limitations period, courts may grant a motion for a more definite statement regarding time." *Id.* (collecting cases).

This Court should order Mr. Clark to provide a more definite statement specifying when the calls to his cell phone were made. This District's jurisprudence has held that the TCPA was unconstitutional from 2015 to 2020. *Cunningham v. Matrix Fin. Servs.*, No. 4:19-cv-896, 2021 U.S. Dist. LEXIS 62875, at *6 (E.D. Tex. Mar. 31, 2021) (Mazzant, J.) (citing *Barr v. American Association of Political Consultants, Inc. (AAPC)*, 140 S. Ct. 2335 (2020)). The Amended Complaint, like its predecessor, is devoid of any facts specifying when the calls at issue occurred. With no facts in the Amended Complaint as to when the alleged calls occurred, neither Big Think, nor the Court, can determine whether some—or all—of the calls occurred when the TCPA was unconstitutional. This Court should order Mr. Clark to file a more definite statement specifying the time period when the calls were made.

        **C.**        **Count II, for violation of 47 U.S.C. § 227(c), fails as a matter of law.**

Count II of the Amended Complaint alleges that Big Think violated 47 U.S.C. § 227(c) by calling Mr. Clark's cell phone, which he uses for "residential purposes," when it was registered on the DNC Registry. Amended Complaint, ¶ 13; pp. 5-6 ¶¶ 33-38. Because 47 U.S.C. § 227(c) does

not apply to calls to cell phones, and there is no such thing as a "residential" cell phone, this claim should be dismissed.

The relevant portions of the TCPA prohibit telephone solicitations to "[a] **residential** telephone subscriber" who has registered their telephone number on the DNC Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2) (emphasis added). As this Court has recognized, the private right of action created under the TCPA applies to "residential telephone subscribers—**not cell phones**." *Cunningham*, 2020 U.S. Dist. LEXIS 236135, at *16 (quoting *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102545, 2019 WL 2519702 (E.D. Tex. April 26, 2019)) (emphasis added) (internal marks omitted).[2]

Attempting to save Count II from the same defects as set forth in the original Complaint, the Amended Complaint attempts to recharacterize Mr. Clark's cell phone as some type of hybrid cellular/residential line. Courts have expressly rejected identical attempts. *Morgan v. U.S. Xpress, Inc.*, No. 3:17-cv-00085, 2018 U.S. Dist. LEXIS 125001, at *3-5, 2018 WL 3580775 (W.D. Va. July 25, 2018) (granting motion to dismiss TCPA claim based on calls made to plaintiff's "residential, cellular telephone line" and rejecting the argument that "one phone can serve as both a residential and cellular line. . ."); *Cunningham v. Carribean Cruise Lines, Inc.*, No. 15-62580-CIV, 2016 U.S. Dist. LEXIS 179758, at *6, 2016 WL 7494871 (S.D. Fla. Dec. 28, 2016) (rejecting plaintiff's argument that his cellular phone serves as both a mobile and residential line and finding

---

[2] *See also Cunningham v. Sunshine Consulting Group, LLC*, No. 3:16-2921, 2018 U.S. Dist. LEXIS 121709, at *6, 2018 WL 3496538 (M.D. Tenn. July 20, 2018); *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-02629, 2017 U.S. Dist. LEXIS 136951, at *3, 2017 WL 3574451 (M.D. Tenn. July 27, 2017); *Cunningham v Spectrum Tax Relief, LLC*, No. 3:16-2283, 2017 U.S. Dist. LEXIS 118797, at *7, 2017 WL 3222559 (M.D. Tenn. July 7, 2017); *Cunningham v. Enagic USA, Inc.*, No. 3:15-0847; 2017 U.S. Dist. LEXIS 97486, at *5-6, 2017 WL 2719992 (M.D. Tenn. June 23, 2017). *See also Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1195-96 (M.D. Tenn. 2017).

the "assertion that a cellular phone can be converted into a residential phone unavailing."). As the *Morgan* Court noted, allegations that calls were made to a "residential, cellular telephone line" is identical to alleging "simply that Plaintiff received four phone calls to his cell phone." *Morgan*, 2018 U.S. Dist. LEXIS 125001, at *4.

The Amended Complaint alleges that Big Think violated the TCPA by placing calls to Mr. Clark's cell phone. Mr. Clark's attempt to create a special class of cellular/residential phones is contrary to law and common sense. *Morgan*, 2018 U.S. Dist. LEXIS 125001, at *3-5; *Cunningham*, 2016 U.S. Dist. LEXIS 179758, at *6. Because 47 U.S.C. § 227(c) does not encompass calls to cell phones, Count II should be dismissed.

### D.   Count III, for violation of § 302.101 of the Tex. Bus. & Com. Code, fails as a matter of law.

Count III of the Amended Complaint alleges that Big Think violated § 302.101 of the Tex. Bus. & Com. Code by engaging in telephone solicitations without obtaining a registration certificate from the Texas Secretary of State. Amended Complaint, ¶¶ 40-41. The Amended Complaint relies on § 302.302 ("Civil Penalties") to claim Mr. Clark is entitled to up to $5,000 for each violation along with all reasonable costs of prosecuting the action. Because the civil penalties in § 302.302 are not available to private litigants and because the Amended Complaint does not allege facts sufficient for a deceptive trade practices claim (the only private right of action available to Mr. Clark for a violation of Chapter 302), this claim fails.

In Texas, "[i]t is well established…that a statute which imposes a penalty must be strictly construed, and that a person who seeks to recover a penalty thereunder must bring himself clearly within the terms of the statute." *Agey v. American Liberty Pipe Line Co.*, 172 S.W.2d 972, 974, 141 Tex. 379 (Tex. Sup. Ct. 1943). In *Agey*, the Court considered a statute that provided that half of a civil penalty was recoverable in the name of the state and the other half was recoverable in

the name of the aggrieved party. The Court held that "[i]f the Legislature had intended by this Act to authorize an individual to file a suit on behalf of himself and on behalf of the State, without the joinder of the Attorney General or some district or county attorney, it could have expressed such intention in clear language." *Id.*

In *Brown v. De La Cruz*, 156 S.W.3d 560, 48 Tex. Sup. J. 164 (2004), the Supreme Court of Texas explained that "[g]enerally, a statutory penalty or fine is not payable to a private litigant" and the Court thus considered a statute that "expressly provides for a penalty, but is silent about who may collect it." *Id.* at 563-564. The Court summarized its holding in *Agey*, reiterated that civil penalties may "be asserted in a private cause of action only if the statute clearly so provides," and held that because the Legislature did not clearly authorize private litigants to recover the civil penalty, the plaintiff was unable to assert a private cause of action. *Id.* at 565.

Here, Count III alleges that Big Think violated § 302.101 of the Tex. Bus. & Com. Code and seeks to recover the civil penalty set forth in § 302.302. Chapter 302 pertains to the Regulation of Telephone Solicitations. With regard to enforcement, § 302.302, entitled "Civil Penalties," states that "[a] person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation." The statute does not state to whom the penalty is payable. Because the statute does not clearly state that the penalty is recoverable by private litigants, Count III fails as a matter of law and should be dismissed. *Agey*, 172 S.W.2d at 974; *Brown*, 156 S.W.3d at 564.

This conclusion is also supported by well-settled canons of statutory construction, does not leave private litigants without recourse, and is consistent with the purpose of Chapter 302. Under the canon of *expressio unius est exclusio alterius*, "the expression of some connotes the exclusion of others." *Teltech Sys. v. Bryant*, 702 F.3d 232, 238 (5th Cir. 2012).

Immediately following the "Civil Penalties" provision is § 302.303, which is entitled "Deceptive Trade Practices." This statute states that "[a] violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17," and that "[a] public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce this chapter." Tex. Bus. & Com. Code § 302.303. The inclusion of a private right of action in § 302.303 connotes the exclusion of such a private right of action in § 302.302.

Chapter 17, Subchapter E applies to "Deceptive Trade Practices and Consumer Protection," and provides consumers with a private cause of action based on a "false, misleading, or deceptive act or practice" that is "relied on by a consumer to the consumer's detriment." Tex. Bus. & Com. Code § 17.50. Put simply, a private litigant that relies to his detriment on an action that constitutes a violation of Chapter 302 may have a private right of action under Chapter 17, Subchapter E, a conclusion that is consistent with Chapter 302's stated purpose of protecting "persons against false, misleading, or deceptive practices in the telephone solicitation business." Tex. Bus. & Com. Code § 302.003.

Here, the Amended Complaint does not allege that Mr. Clark relied on statements made by Big Think at all, let alone that Mr. Clark relied on those statements to his detriment. Indeed, the Amended Complaint alleges no actual harm stemming from the alleged violation of Chapter 302. This omission is logical—it is inconceivable that Mr. Clark was harmed by the fact that Big Think was not registered with the Texas Secretary of State.

Because the only mechanism pursuant to which Mr. Clark could enforce Chapter 302 is a claim for deceptive trade practices, and because the Amended Complaint is devoid of facts that would give rise to such a claim, Count III of the Amended Complaint fails as a matter of law and should be dismissed.

## IV.    CONCLUSION

This Court should dismiss Count I for failure to allege the time and place of the calls or, alternatively, require Mr. Clark to file a more definite statement so Big Think can determine whether the calls occurred while the TCPA was unconstitutional. Count II should be dismissed because Mr. Clark's attempt to create a special class of hybrid mobile/residential telephones has been rejected by multiple courts, and 47 U.S.C. § 227(c) does not apply to calls to cell phones. Finally, Count III of the Complaint should be dismissed because the civil penalties in Chapter 302 of the Tex. Bus. & Com. Code are not available to private litigants and because the Amended Complaint is devoid of facts that could be used to support a claim for deceptive trade practices.

The Amended Complaint fails as a matter of law and should be dismissed.

Respectfully submitted,

By: /s/Johnny Taylor
Johnny Taylor
Bar No. 24043953
Johnny Taylor Law PLLC
22503 Katy Freeway
Katy, Texas 77450
281-910-4703 phone
281-769-8688 fax
johnny@johnnytaylorlaw.com

ATTORNEY FOR DEFENDANT,
BIG THINK CAPITAL, INC.

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document was, on June 18, 2021, served upon all parties of record, via first class mail and/or via CM/ECF, as follows:

Amy Lynn Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 E. Butler Ave.
Ambler, PA 19002
teamkimmel@creditlaw.com

                /s/Johnny Taylor
                Johnny Taylor